# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DORREON D. MCBRIDE,

    Petitioner,               Case Number: 2:18-CV-13525
                                          HONORABLE DENISE PAGE HOOD

v.

GREG SKIPPER,

    Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
## AND DISMISSING PETITION WITHOUT PREJUDICE

Dorreon D. McBride, a Michigan state prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316, assault with intent to murder, Mich. Comp. Laws § 750.83, carrying a concealed weapon, Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Now before the Court is Respondent's Motion to Dismiss.

**I. Background**

Following a jury trial in Wayne County, Petitioner was convicted and sentenced as follows: life imprisonment without the possibility of parole for first-

degree murder, 20 to 40 years for assault with intent to murder, 2 to 5 years for carrying a concealed weapon, and 2 years for felony firearm. The Michigan Court of Appeals affirmed his convictions, *People v. McBride,* No. 333637, 2018 WL 521824 (Mich. Ct. App. Jan. 23, 2018). The Michigan Supreme Court denied leave to appeal, *People v. McBride*, 502 Mich. 904 (Mich. 2018), and denied a motion for reconsideration, *People v. McBride*, 503 Mich. 876 (Mich. 2018).

On November 6, 2018, Petitioner filed the pending petition for a writ of habeas corpus. Respondent filed a motion to dismiss the petition on the ground that it contains an unexhausted claim. Petitioner has filed a response in opposition to Respondent's motion.

## II. Discussion

Petitioner raises three claims in his habeas petition:

I. Forfeiture of liberty without procedural due process where Petitioner was arrested without *Miranda* warnings ... and placed within a penal prison institution ... Petitioner was given a Constitutional Rights Certificate having *Miranda* warnings on them and instructed to sign a the bottom. ... No modifications were made to this prison to accommodate arrestees. This constituted a forfeiture of liberty before procedural due process was given to Petitioner by the courts ...

II. Ineffective assistance of counsel.

III. The Michigan Court of Appeals erred in its analysis of defense counsel's objection and the trail court's erroneous rulings.

*See* Pet. at 6-9, ECF No. 1, Pg. ID 5-8.

Respondent argues that the first claim is not properly exhausted because Petitioner failed to raise the claim in the Michigan Court of Appeals or Michigan Supreme Court.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015). *See also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the state appellate process."). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner states that he raised Claim I for the first time in a pro se supplemental brief to the Michigan Supreme Court. Raising a new claim for the first time to a state's highest court on discretionary review does not constitute fair presentation of the claim to the state courts. *Skinner v. McLemore*, 425 Fed. App'x 491, 494 (6th Cir. 2011), citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989). A

3

prisoner must comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available. Petitioner may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Petitioner argues that he need not exhaust this claim because a Federal constitutional claim may be raised at any point in a state or federal proceeding. The case he cites for this proposition, *Dickerson v. Marquette Warden*, 99 Mich. App. 630 (1980), is inapplicable. *Dickerson* concerns exhaustion of Federal constitutional claims raised in state court under 42 U.S.C. § 1983, and does not concern habeas corpus proceedings. *See id.* at 634. The exhaustion requirement applies to Federal constitutional claims; indeed, those are the only claims cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Petitioner is required to exhaust state court remedies, but has not done so. The motion will be granted.

**III. Conclusion**

Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 8) and DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus. The Motion to Appoint Counsel (ECF No. 2) is DENIED WITHOUT PREJUDICE.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court declines and DENIES issuance

of any certificate of appealability.

SO ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

Dated: September 30, 2019