UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORREON D. MCBRIDE,

        Petitioner,               Case Number: 2:18-CV-13525
                                          HONORABLE DENISE PAGE HOOD

v.

GREG SKIPPER,

        Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 14)

On September 30, 2019, the Court dismissed Petitioner Dorreon D. McBride's petition for writ of habeas corpus without prejudice because he failed to exhaust his state court remedies before filing the petition. (ECF No. 12.) Petitioner has filed a motion for reconsideration. (ECF No. 14.)

Local Rule 7.1(h)(3) governs motions for reconsideration and provides that reconsideration may be granted only where the movant demonstrates "a palpable defect by which the court and the parties ... have been misled" and "that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A palpable defect is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496

(6th Cir. 2006).

Petitioner's habeas corpus petition raised three claims for relief. One claim was unexhausted because it was raised for the first time in a pro se supplemental brief which the Michigan Supreme Court rejected because it was not properly filed. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)) (holding that raising a new claim for the first time to a state's highest court on discretionary review does not constitute fair presentation of the claim to state courts). The Court dismissed the petition without prejudice because Petitioner could still exhaust this claim by filing a motion for relief from judgment in the trial court and, if necessary, appealing an adverse decision to the state appellate courts.

Petitioner seeks reconsideration on the ground that the Michigan Supreme Court did not rely on a procedural rule to reject his supplemental pleading raising a new claim. Regardless of why the state court rejected Petitioner's pleading, the fact remains that Petitioner did not raise this claim "to every level of the state courts in one full round" as required to fully exhaust state court remedies. *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015). Petitioner fails to show that the Court's decision was the result of a palpable defect.

Accordingly, the Court DENIES Petitioner's Motion for Reconsideration (ECF No. 14).

SO ORDERED.

s/Denise Page Hood  
DENISE PAGE HOOD  
CHIEF UNITED STATES DISTRICT JUDGE

Dated: December 1, 2020